Argued December 20, 1974, affirmed January 20, 1975

KOSTELECKY, *Petitioner, v.* EMPLOYMENT DIVISION ET AL, *Respondents.*

LERMUSIOUX, *Petitioner, v.* EMPLOYMENT DIVISION ET AL, *Respondents.*

530 P2d 850

*Robert D. Durham,* Eugene, argued the cause for petitioners. With him on the brief were Kulongoski, Heid, Durham & Drummonds, Eugene.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance by respondent Willamette Cherry Growers, Inc.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Petitioners were long-time employes of Willamette Cherry Growers, Inc., where they performed belt work. This is somewhat seasonal employment and at the time of what turned out to be a two and one-half week layoff in June 1974, each had vacation pay coming.[1] Rather than accept their vacation pay, which they knew was available to them at the time of layoff, petitioners applied for unemployment compensation, pointing out that they intended to take their vacations at a later time in the summer. By administrator's decision, June 18, 1974, petitioners' claims for unemployment compensation were denied. The Employment Division Appeals Referee, after hearing, reversed the administrator's decision and found claimants *not* disqualified from benefits. Upon employer's request for Employment Appeals Board review, that Board set aside the referee's decision, holding claimants were disqualified from benefits for the period claimed because the administrator properly applied their vacation pay to the unemployment period claimed. Petitioners seek reversal of the Employment Appeals Board's decision.

Petitioners contend that the layoff for which they sought unemployment compensation was not a termination or separation from work but a temporary layoff and that vacation pay should not be allocated to a temporary layoff period.

___

[1] On May 1, 1974, checks had been made out to claimants by the employer covering their vacation pay.

The Employment Appeals Board based disqualification of petitioners on ORS 657.205 and Oregon Administrative Rules, ch 471, §30-020.

ORS 657.205 (1) states that

"* * * [A]n individual is disqualified for benefits for any week * * * he is * * * [entitled to receive]:

"(a) Remuneration * * * as vacation pay * * *.

"* * * * * *"

ORS 657.205 (2) further provides that:

"* * * Such payments [including vacation pay] made in a lump sum upon separation[2] * * * shall be considered as payments with respect to weeks following separation without regard to the existence or lack thereof of an employe-employer relationship during the weeks such pay is allocated pursuant to the administrator's regulations."

Petitioners assert that the administrative rule of the Employment Division is in conflict with the statute. The administrative rule which petitioners rely upon as being in conflict with the statute reads in pertinent part as follows:

"* * * [V]acation pay * * * paid in a lump sum upon termination * * * [shall be allocated] to the weeks immediately following separation [in determining an individual's unemployment benefits, if any] * * *." OAR ch 471, § 30-020 (3).

We do not read the regulation as being in conflict. Consonant with what we understand to be one of the purposes of the Act, i.e., to tide persons over periods

---

[2] The word "separation" was inserted in the statute in place of the word "termination" by the 1973 legislature (Oregon Laws 1973, ch 380, § 1, p 758) for the obvious purpose of making the statute apply to the shorter term "separation" as distinguished from the "termination," or end, of the employer-employe relationship.

of their involuntary unemployment, the statute and regulation appear to require the allocation of vacation pay to "the weeks immediately following separation." We thus concur in and affirm the decision of the Employment Appeals Board.

Affirmed.