Argued June 18, reversed and remanded with instructions August 16, 1976

HAWKINS et al, *Petitioners,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 76-AB-218, CA 5988)
552 P2d 1325

*Tom Hanlon,* Cannon Beach, argued the cause for petitioners. With him on the brief was A. C. Roll, Oceanside.

No appearance for respondents.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

**FORT, J.**

This is an appeal by a group of workmen from an order of the Employment Appeals Board which held that vacation payments made pursuant to union contract were to be credited to the first week or weeks following the layoff and not against the vacation weeks beginning three weeks later by agreement with the union. The referee had come to the latter conclusion.

The minority opinion, though less than clear as to the precise position taken for the entire period of five weeks involved, appears to reject the positions both of the majority and of the referee, and to conclude that petitioners are entitled to "[b]enefits * * * for the weeks claimed," which we interpret to mean the full period of November 30, 1975, to January 5, 1976.

All the claimants were members of IWA Local 3-4 and employed by Crown Zellerbach Corporation. The union contract with the employer had a provision for paid vacation periods based on length of service. The contract provided that prior to April 15, 1975, the employer should notify the union of the period selected by the employer for vacations. It timely did so, designating December 19, 1975, to January 5, 1976, as a vacation period. In November 1975, faced with a serious business decline, the employer notified the union and its employes that the operation would be closed from November 30, 1975, to January 5, 1976. On the last day of work prior thereto each of the claimants received his vacation pay. Thereafter petitioners filed claims for unemployment compensation to begin with the week of November 30, 1975. All petitioners returned to work January 5, 1976.

In *Kostelecky v. Employment Division,* 20 Or App 203, 530 P2d 850 (1975), we held that where temporarily laid off employes had vacation pay coming, it was proper for the board under ORS 657.205 to apply vacation pay to the first weeks of the layoff period so that

employes were disqualified to receive unemployment compensation for that period. We also held that Oregon Administrative Rules, ch 471, § 30-020(3) was not inconsistent with ORS 657.205(2).

Two principal factors distinguish that case from the one at bar. First there was here a valid contract with the union pursuant to which the employer had timely designated the two-week period December 19 to January 5 as the vacation period. In *Kostelecky* no particular period had been designated as the vacation period. Secondly, in Oregon Laws 1975, ch 661, §§ 1, 2, pp 1722-24, the 1975 Oregon legislature eliminated the portion of ORS 657.205 concerning vacation pay and, in lieu thereof, amended ORS 657.150 by adding to it two new subsections, one of which is relevant here:

"(8) Payment made to an individual for vacation taken shall be considered in the determination of the amount of benefits payable with respect to the vacation period in the same manner as provided in subsection (6) of this section, however, notwithstanding any other provision of this chapter, vacation payments made to an individual who is terminated, or placed on layoff status, shall not constitute a disqualification and benefits payable under this chapter shall not be denied or reduced because of the receipt of any such payment."

By way of an aid to construing this new statute, we note that ORS 657.205(1)(a) was, by Oregon Laws 1975, ch 660, p 1721, amended to read:

"(1) Subject to the provisions of subsections (2) and (3) of this section, an individual is disqualified for benefits for any week with respect to which he is receiving, will receive, or has received:

"(a) Remuneration as a dismissal or separation allowance, as vacation pay or as a guaranteed wage, except that with respect to vacation pay the disqualification shall not apply if the individual is placed on layoff not previously designated as a vacation period by industry practice or union agreement * * *."

Its life, however, was extremely short, since Section 3

of Oregon Laws 1975, ch 661, p 1724, passed immediately thereafter, provides:

> "If House Bill 2491 (1975) [now Oregon Laws 1975, ch 661] becomes law, chapter 660, Oregon Laws 1975 (Enrolled House Bill 2491) is repealed."

ORS 657.205 also no longer refers to "vacation pay," which was removed from that statute by Oregon Laws 1975, ch 661, § 1, p 1722.

ORS 657.150(8), when placed alongside the short-lived ch 660 amendment to ORS 657.205(1)(a), does not indicate a legislative intent to extend the provision regarding disqualification and allocation of vacation pay to any layoff preceding the vacation period, whether or not previously designated by union contract, as here. Thus it would follow that the board erred in allocating the vacation pay to the period from November 30 to December 19, despite the fact that the employer, though under no obligation under any statute to which our attention has been directed, voluntarily advanced to the petitioners the vacation pay at the time the layoff began.

We think it clear, however, from the first clause of ORS 657.150(8), that the legislature did intend that vacation pay, whether paid in advance or at the time of the vacation period provided for, as in the union contract here, shall, as the statute says, "be considered in the determination of the amount of benefits *payable with respect to the vacation period.*" (Emphasis supplied.)

Here the referee correctly found that the vacation pay, despite OAR 471-30-020, which was adopted in 1972 and remains unchanged, should not be applied as a basis for disqualification to the weeks November 30 to December 19, but only to the vacation weeks of December 19, 1975, to January 5, 1976.

The second clause of ORS 657.150(8) does not apply here because during the weeks following December 19 to which the vacation pay applies, the employes were

not on layoff status but were on a vacation scheduled under the union contract.

The order of the Employment Appeals Board is vacated and the matter remanded with instructions to enter an order in conformity with this opinion.