Argued March 1, affirmed May 8, 1978

WILSON, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 77-AB-1280, CA 9439)
578 P2d 486

Gregory L. Decker, Albany, argued the cause for petitioner. On the brief were Emmons, Kyle, Kropp & Kryger and J. David Kryger, Albany.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

[ 289 ]

JOSEPH, J.

## JOSEPH, J.

Claimant appeals a decision of the Employment Appeals Board denying him unemployment benefits for the period June 26-July 9, 1977. In accordance with the contract between the employer and the International Woodworkers of America (union), the employer elected to shut down its plant for that period and charge the time to employees' vacation. As required by the contract, employer gave notice to the union prior to April 1, 1977, that it would close its operations "with the exception of the required personnel who normally work during the shutdown."

Claimant, a member of the pond crew, had in past years worked during the shutdown, taking his vacation at another time. He expected to do so again in 1977. On June 10, he received a check for 240 hours vacation pay to which he was entitled by the length of his service. All employees received their vacation pay on that day. On June 24, claimant's foreman confirmed that claimant would be working during the shutdown despite the fact that a smaller pond crew would be needed than in past years. On the first day of the shutdown, however, claimant was informed that he had been "bumped" by an employee with more seniority who wanted to work. Claimant was told that the two weeks off would be charged against his vacation time.

Claimant applied for unemployment benefits, asserting that he had not been accorded adequate notice he would be on vacation and that he had, therefore, been laid off. His claim was denied. After a hearing, the referee denied benefits on the basis of ORS 657.150(8), which provides:

> "Payment made to an individual for vacation taken shall be considered in the determination of the amount of benefits payable with respect to the vacation period * * *."

[ 291 ]

The Employment Appeals Board affirmed.[1]

The sole question presented is whether there was substantial evidence in the record to support the finding that defendant was on vacation during the period in question and that, therefore, a pro rata share of the June 10 check applied to that period. There was. A union representative testified that it was within the employer's discretion to determine how many workers were needed during the shutdown. He also testified that the contractual seniority system determined which employees would work. On that testimony the Employment Appeals Board could reasonably have determined that, the situation in prior years notwithstanding, claimant had no individual entitlement to work during the shutdown period and that he had no right to an earlier notice than he was given. Although the timing of the notice to claimant may have caused him some inconvenience, there was substantial evidence to support the conclusion that he was on vacation.

Affirmed.

---

[1]The claimant filed a union grievance, seeking to prevent the two weeks in question from being charged against his vacation time. The result of that grievance is not reflected in the record.