STANLEY, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 81, 78 S 1740, CA 14056)

MOREY, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 99, 78 S 1787, CA 14057)

NELSON, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 98, 78 S 1786, CA 14058)

HOESING, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 97, 78 S 1783, CA 14059)

TAFT, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 96, 78 S 1782, CA 14060)

BROADWELL, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 95, 78 S 1780, CA 14061)

GRISWOLD, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 94, 78 S 1764, CA 14062)

PEACOCK, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 93, 78 S 1762, CA 14063)

ESTABROOK, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 92, 78 S 1759, CA 14064)

HOSKINS, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos 79 AB 91, 78 S 1758, CA 14065)

BEATY, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 90, 78 S 1756, CA 14066)

MITCHELL, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 89, 78 S 1755, CA 14067)

BECKER, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 88, 78 S 1754, CA 14068)

MELCHER, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 87, 78 S 1753, CA 14069)

BOUCHER, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 86, 78 S 1752, CA 14070)

LOVRIEN, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 85, 78 S 1751, CA 14071)

WALLACE, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 84, 78 S 1750, CA 14072)

KOHLNHOFER, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 83, 78 S 1749, CA 14073)

RUSH, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(Nos. 79 AB 82, 78 S 1744, CA 14074)

(Consolidated cases)
607 P2d 1195

Charles S. Tauman, Portland, argued the cause for petitioners. With him on the brief were Robert A. Bennett and Willner, Bennett, Bobbitt & Hartman, Portland.

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and James C. Rhodes, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Richard C. Hunt, Portland, argued the cause for respondent Teledyne Wah Chang. With him on the brief was Spears, Labersky, Campbell & Bledsoe, Portland.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

This is an appeal from an order of the Employment Appeals Board (board) holding claimants ineligible to receive unemployment benefits on the grounds that during a general plant shutdown, claimants had elected to take vacation during that period and received vacation pay.[1]

In early 1978, the employer determined a need, owing largely to a decreased demand for its products, to shut down its operation for approximately four weeks during the summer. Because the contract date for arranging such a shutdown had passed, the employer negotiated with the union and reached an agreement whereby each employe could elect to take vacation with pay, leave without pay, or any combination of the two. In the event an employe elected leave without pay, no vacation benefits were paid and the employe was free to take his vacation later in the year. All claimants here elected vacation for all or part of the period; to the extent an employe elected leave without pay, his claim for unemployment benefits was not contested by the employer.

Prior to the shutdown period, the Employment Division issued a blanket statement that employes who remained in the area and were available to return to work or to accept temporary work offered by other employers would be eligible for benefits without the need to actively seek employment. Subsequently, benefits were approved for all employes who had taken vacations during the period and, following a hearing, the referee affirmed this determination. On appeal, the board reversed.

This case turns on an interpretation of ORS 657.150(8), which reads:

---

[1] Other assignments of error were made with respect to whether particular claimants were available for work during the shutdown period. Because of the disposition we make of this case, we need not consider them.

"*Payment made* to an individual *for vacation taken* shall be considered in the determination of the amount of benefits payable with respect to the vacation period in the same manner as provided in subsection (6) of this section; however, notwithstanding any other provision of this chapter, *vacation payments made to an individual who is* terminated, or *placed on layoff status,* shall not constitute a disqualification and benefits payable under this chapter shall not be denied or reduced because of the receipt of any such payment." (Emphasis added.)

As a preliminary matter, we conclude that the statutory terms "payment made * * * for vacation taken" and "vacation payments made to an individual who is * * * placed on layoff status" are terms for this court to interpret under the test set forth in *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979). There is no indication that any policy judgment is required to determine the meaning of the terms or that the division's expertise is necessary to their elucidation. 285 Or at 549-50. The statute in question has twice been interpreted by this court, albeit pre-*McPherson. Wilson v. Emp Div.,* 34 Or App 289, 578 P2d 486 (1978); *Hawkins v. Employment Division,* 26 Or App 445, 552 P2d 1325 (1976).[2]

The two clauses of ORS 657.150(8) contemplate two distinct situations in which vacation payments are made to employes. Where an employe voluntarily

[2] In *Hawkins,* the employer had scheduled a two-week vacation over the Christmas holidays but desired an additional three-week shutdown for economic reasons. When the shutdown began on November 30, each employe was given the vacation pay due him for the two-week Christmas vacation. The referee in this case read *Hawkins* to require "some *a priori* agreement demonstrating that a claimant's vacation-unemployment is volitional, and not the result of the juggling of nomenclature after the decision to impose unemployment has been made." The agreement he apparently contemplated is one made according to the union contract and not the specially-negotiated shutdown in this case. *Hawkins,* however, decided only that the vacation payments made at the beginning of the shutdown could be applied only to the two weeks formally designated as a vacation shutdown and could not be applied to disqualify an employe from unemployment benefits during the first three weeks of the shutdown. 26 Or App at 449.

"takes" vacation and receives payment under his contract of employment, the first clause applies. The second clause applies where an employe who is terminated or laid off has accrued vacation time and payments are made by the employer to ease the financial strain while the employe is out of work. The essential distinction between the two situations is whether or not the payments are made for time an employe has *chosen* to take as vacation.[3]

The evidence here supports a finding that vacation time was voluntarily taken by these claimants. Admittedly, the shutdown was imposed in this case, but each employe had the choice to take vacation at that time, in which case he received vacation payments, or to treat the period as a layoff. If an employe chose to take vacation at a later date, no vacation payments were made and the employe was considered on layoff status and entitled to full unemployment benefits. All claimants here chose vacation and payments made to them were properly offset against unemployment benefits pursuant to the first clause of ORS 657.150(8). Since claimants chose to take vacation time and therefore were neither terminated nor laid off within the meaning of the second clause of ORS 657.150(8), the second clause has no application here.

Affirmed.

---

[3] Where a collective bargaining agreement gives an employer the right to impose a vacation period on its employes, the first clause of ORS 657.150(8) applies, even though an individual employe might have chosen a different time, because the collective bargaining agreement has been ratified by the employes and the vacation period is in that sense voluntary. *Wilson v. Emp. Div.*, 34 Or App 289, 578 P2d 486 (1978).