Argued and submitted December 21, 1981, affirmed April 12,
reconsideration denied June 2,
petition for review denied July 7, 1982 (293 Or 373)

ADAMS et al,
*Petitioners,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(No. 81-AB-832, CA A21775)

643 P2d 400

Rick W. Roll, Tillamook, argued the cause for petitioners. With him on the brief were Tom Hanlon, Cannon Beach, and Roll, Roll & Westmoreland, Tillamook.

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for respondent Employment Division of the State of Oregon. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy

Attorney General, and William F. Gary, Solicitor General, Salem.

William B. Freck, Portland, waived appearance for respondent Crown Zellerbach Corporation.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

Van Hoomissen, J., dissenting.

## THORNTON, J.

Claimants seek review of a decision of the Employment Appeals Board (Board) which reduced claimants' benefits. The Board found that payments received as part of a layoff settlement constituted payments for holidays. The payments were found to be remuneration in the weeks in which the holidays fell and thus reduced or eliminated claimants' benefits on those weeks. ORS 657.150(6), (7). We affirm.

Claimants agree with the Board's findings of fact. Briefly, all claimants are employees of Crown Zellerbach Corporation. They work under a collective bargaining agreement between employer and their union. The agreement provides in part for paid holidays for qualified employees on Thanksgiving Day, the following Friday, December 24, December 25, December 31 and January 1. Due to declining economic conditions, employer contemplated temporarily closing some of its operations. In October, 1980, the parties agreed to amend the paid holiday section of the bargaining agreement. Under the bargaining agreement, claimants were not qualified for pay on holidays occurring during a layoff unless they returned to work within 30 days of the holiday. The amendment provided for a lump sum payment called a "layoff settlement" to be paid to all employees who were laid off. The payment was equal to the holiday pay for the holidays occurring between the time the employees were laid off and January 2, 1981. In exchange for this payment, claimants gave up their right under the bargaining agreement to take any vacation time or "floating" holidays until after June 1, 1981. Claimants also gave up their right to refuse to work on the designated holidays. Employer gained the flexibility of not having to schedule any vacations until June 1 and of being able to require claimants to work on holidays if demand for output increased.

The agreement stated that the layoff settlement was not intended to be an advance payment for holidays or vacations. It was designated as a "payment in exchange for the convenience of waiving the obligation to observe these provisions in the usual manner."

Layoffs began in early November, 1980, and continued through November 26, 1980. Claimants received settlement checks at the time of layoff pursuant to the amendment. The Employment Division denied or reduced unemployment benefits to claimants for the weeks in which the holidays fell - Thanksgiving, Christmas and New Years. The controlling statute, ORS 657.150(7) provides:

"Payment which has been, is or will be paid to an individual for a holiday shall be considered as earnings in the determination of the amount of benefits payable with respect to the week in which the holiday falls in the same manner as provided in subsection (6) of this section. However, if payment for the holiday is delayed more than 30 days following the end of the week in which the holiday falls, the provisions of this subsection shall not apply and previously reduced benefits shall be adjusted accordingly."

As the Board found, claimants received "payment for a holiday * * *." In order to receive the payment, claimants had to give up certain contractual rights. The fact that claimants and employer negotiated for the lump sum payment and each gave up certain rights under the bargaining agreement does not make the payments something other than payments for holidays. The statute provides no exception for this type of layoff settlement agreement. *See* ORS 657.150(8)[1] The Board correctly interpreted ORS 657.150(7).

Affirmed. No costs to any party.

**VAN HOOMISSEN, J.,** dissenting.

The issue here is whether the Board correctly determined that the settlement money received by claimants from their employer[1] was holiday pay. ORS 657.150(6)

---

[1] ORS 657.150(8) provides:

"Payment made to an individual for vacation taken shall be considered in the determination of the amount of benefits payable with respect to the vacation period in the same manner as provided in subsection (6) of this section; however, notwithstanding any other provision of this chapter, vacation payments made to an individual who is terminated, or placed on layoff status, shall not constitute a disqualification and benefits payable under this chapter shall not be denied or reduced because of the receipt of any such payment."

[1] Respondent Crown Zellerbach Corporation did not file a brief or otherwise appear in this court.

- (7). I agree with petitioners that the settlement money, although measured as the equivalent of pay for certain holidays, was not in fact holiday pay. Rather, it was consideration for changes in the bargaining agreement favorable to employer.

The facts are not disputed. After an arms-length bargaining session, employer, claimants and their union amended their contract. As a result, each gave up certain rights and benefits in exchange for certain other rights and benefits. The agreement specifically provided that the settlement money was *not* an advance payment for holidays or vacations. Rather, it was payment in consideration of a change in the obligation to observe certain contractual holiday and vacation provisions of the union contract in the usual manner. We should not look behind the clear language of the contract to fashion a result unintended by the parties. The amended contract is clear on its face and should control. *Weyerhaeuser Timber Co. v. S.U.C.C. et al,* 217 Or 378, 391, 342 P2d 114 (1959); *Hawkins v. Employment Division,* 26 Or App 445, 552 P2d 1325 (1976).

I agree with Board member Whitney, who concluded:

"The amendment to the labor agreement eliminated any provision for the holidays occurring between the date of the layoff, [and] January 2, 1981 and other 'floating' holidays. It was a negotiated settlement to enable the employer to work at full production without the necessity of scheduling various holidays when economic conditions allowed a resumption of operations. This is *not* payment received for a holiday as contemplated under ORS 657.150(7)."

The record does not support the Board's finding that the parties' agreement circumvented the unemployment insurance laws.

I respectfully dissent.